Mark T. Kearney (SBN 219707)
 *mkearney@mks-law.com*
Jason K. Smith (SBN 277923)
 *jsmith@mks-law.com*
MK Smith, APC
9891 Irvine Center Dr., Suite 200
Irvine, California 92618
Telephone:  (949) 299-2500
Facsimile:   (949) 408-1750

Attorneys for Plaintiffs
RAPID BATH REMODEL and THOMAS BACON

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| RAPID BATH REMODEL, a California corporation, and THOMAS BACON, an individual,<br><br>                    Plaintiffs,<br>     vs.<br><br>HOMERENEW GROUP HOLDINGS, L.P., a Delaware limited partnership, and DREAMSTYLE REMODELING, LLC, a Delaware limited liability company,<br><br>                    Defendants. | CASE NO: 8:24-cv-444<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**1. DECLARATORY AND INJUNCTIVE RELIEF UNDER THE DECLARATORY JUDGMENT ACT 28 U.S.C. §§ 2201,** *ET SEQ.*<br><br>**2. VIOLATION OF CALIFORNIA LABOR CODE § 925**<br><br>**3. VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200,** *ET SEQ.* |

Plaintiffs RAPID BATH REMODEL ("RBR") and THOMAS BACON hereby complain against Defendant HOMERENEW GROUP HOLDINGS, L.P. and DREAMSTYLE REMODELING OF CALIFORNIA, LLC (collectively, "HomeRenew" or "Defendants"), as follows:

## NATURE OF THE ACTION

1.  This case involves Defendants' attempt to enforce void provisions in an employment stock agreement ("Agreement") that Mr. Bacon signed on or about September 2, 2022. The Agreement contains, among other terms, a non-competition provision in Paragraph 5(c)(i), non-solicitation provisions in Paragraphs 5(c)(ii)–(iii), choice of Delaware law provision in Paragraph 10, and choice of Delaware jurisdiction in Paragraph 11. A copy of the Agreement between HomeRenew and Mr. Bacon is attached hereto as **Exhibit A**.[1]

2.  On December 8, 2023, Defendants sent a Cease and Desist Letter to Mr. Bacon, stating that it intended to enforce the non-competition and non-solicitation provisions of the Agreement. The letter, in bold, demanded that Mr. Bacon and RBR ". . . **immediately cease all unlawful activity and cooperate with the demands outlined at the conclusion of this letter.**" At the conclusion of the letter, Defendants demanded that Mr. Bacon "cease competing with the Company, including through operation of Rapid Bath Remodel" as well as nine (9) other demands upon Mr. Bacon that he was to agree in writing "within three business days" of receiving the letter. The letter also stated that "[s]hould the Company be forced to file suit, claims against you and Rapid Bath Remodel could

---

[1] Defendants also contend in their December 8, 2023 Cease and Desist Letter that Mr. Bacon signed a Subscription Agreement in which there were identical non-competition, non-solicitation, and choice of law provisions but with different paragraphing. In that Subscription Agreement the identical non-competition provision is in Paragraph 6.3.1 and the identical non-solicitation provision are in Paragraphs 6.3.1–6.3.2. For the same reasons alleged herein, these provisions which are identical to those in Exhibit A are also void under California law.

include breach of contract, tortious interference with contract/prospective business advantage, theft of trade secrets under state and federal law, conspiracy, and theft of confidential information." Defendants then identified that it "will seek all penalties, punitive damages, attorneys' fees, costs, and damages caused by these wrongful actions if you fail to immediately respond as requested in this letter." A copy of the December 8, 2023, Cease and Desist Letter is attached hereto as **Exhibit B**.

3. In response to Defendants' threats in their Cease and Desist Letter (Ex. B), Mr. Bacon responded on December 19, 2023, informing Defendants that relevant provisions of Agreement were void, including the choice of Delaware law provision found in Paragraph 11. Mr. Bacon informed Defendants that Paragraphs 5(c)(i)–(iii) which contain the non-compete and non-solicitation provisions were also illegal under California law. A copy of Plaintiffs' December 19, 2023 response letter is attached hereto as **Exhibit C**.

4. It is the longstanding law and public policy of California that contracts which restrain trade, like Section 5(c) of the Agreement, are void. *See* Cal. Bus. & Prof. Code § 16600. Just a few years ago, the California legislature closed a loophole and prohibited employers from requiring employees that "primarily reside and work in California" to agree to provisions in contracts as a condition of employment that would: (1) "require them to adjudicate outside of California a claim arising in California;" or (2) "deprive the employee of the substantive protection of California law with respect to a controversy arising in California." *See* Cal. Labor Code § 925(a). These provisions are voidable by the employee, and, if voided, "the matter shall be adjudicated in California and California Law shall govern the dispute." *Id.* § 925(b). The statute applies to contracts entered into on or after January 1, 2017. *Id.* § 925(f).

5. Paragraph 5(c) of the Agreement indisputably states that part of the consideration for the non-competition and non-solicitation provisions is related to

Mr. Bacon's "continued employment" with Defendant. Specifically, the Agreement states: "[t]herefore, *in consideration* of [Mr. Bacon's] continued employment with [Defendant] and its subsidiaries, of the Units issued to [Mr. Bacon] under this Unit Certificate, and of [Mr. Bacon] being granted access to the customers, trade secrets, and other Confidential Information of [Defendants] and its Subsidiaries, [Mr. Bacon] agrees that the following restrictions on [Mr. Bacon's] activities during and after the period in which [Mr. Bacon] holds the Units are necessary, appropriate and reasonable to protect the goodwill, Confidential Information and other legitimate interests of [Defendant] and its Subsidiaries from unfair and inappropriate competition . . ." (Emphasis added).

6. In Paragraph 5(c)(i), with Mr. Bacon's continued employment being part of the consideration, Defendants seek to bind Mr. Bacon to a 24-month non-competition period that encompasses "any state, province or other similar geographic area outside of the United States, in which [Defendant] or any of its Subsidiaries conduct or is proposing to conduct the Business. . ."

7. In Paragraphs 5(c)(ii) and 5(c)(iii), with Mr. Bacon's continued employment being part of the consideration, Defendants seek to bind Mr. Bacon to an unlimited non-solicitation of customers and a lengthy non-solicitation of employees or independent contractors, respectively.

8. Additionally, and critically for purposes of this action, Paragraph 11 of the Agreement is a "Consent to Jurisdiction" provision that requires Mr. Bacon to adjudicate "any action arising under or relating to" the Agreement in Delaware courts and to deprive Mr. Bacon of the protections of California substantive law by stating in Paragraph 10 that the Agreement "will be governed by and construed in accordance with the laws of the State of Delaware without giving effect to any choice of law or conflict of law, rules or provisions." Both Paragraphs 10 and 11 are expressly prohibited by Section 925 of the California Labor Code.

9. Under California Labor Code section 925 an agreement is

unenforceable against an employee if certain criteria are met: (i) the employee primarily resides and works in California; (ii) the agreement was a condition of employment; (iii) the agreement was entered into after January 1, 2017; (iv) the employee in question was not represented by counsel; and (v) the agreement requires the employee "to adjudicate outside of California a claim arising in California" and deprives the employee of the substantive protection of California law with respect to a controversy arising in California, namely, Section 16600 of the California Business and Professions Code, which voids restraints on trade like Paragraphs 5(c)(i), 5(c)(ii), and 5(c)(iii) of the Agreement. Here, it is indisputable and Defendants must agree that all five criteria are met here—*i.e.*, (i) Mr. Bacon resided and worked in California, (ii) the Agreement explicitly states that part of the consideration for these void provisions is Mr. Bacon's employment with Defendants, (iii) the Agreement was entered into several years after January 1, 2017, (iv) Mr. Bacon was not represented by counsel and nothing in the Agreement suggests Mr. Bacon negotiated or contributed to the construction of the terms in the Agreement, and (v) the non-competition provision in Paragraph 5(c)(i) of the Agreement as well as the Delaware choice of law and jurisdiction provisions in Paragraphs 10 and 11 plainly operate to force Mr. Bacon to Delaware so that this non-competition provision which is illegal under California law can be enforced against him.

10. Accordingly, California Labor Code section 925 must apply and Defendants cannot rely on the non-competition provision of the Agreement to deprive Mr. Bacon of his substantive rights under California law, including his right to engage in business and earn a living as well as his right to a California forum protect those rights.

11. Nevertheless, despite being prohibited by statute, Defendants have informed Mr. Bacon of their intent to enforce the non-competition and non-solicitation provisions of the Agreement, apparently relying on the choice of

Delaware law and choice of Delaware jurisdiction provisions in Paragraphs 10 and 11 of the Agreement, respectively, to circumvent California Business and Professions Code section 16600 which prohibits such restraints on competition.

12. Based on Defendants' December 8, 2023 Cease and Desist letter and the recitation of the various causes of action and remedies that would be sought against Mr. Bacon for continuing to fairly and lawfully compete with his previous employer, this action for declaratory and injunctive relief is necessary to enjoin Defendants from enforcing void provisions of the Agreement in Delaware, and to award Mr. Bacon damages for the harm that he has suffered as a result of Defendants' illegal conduct which includes, without limitation, his reasonable attorney's fees.

## PARTIES

13. Plaintiff THOMAS BACON is a citizen of the State of California and resides in San Juan Capistrano, California. At all relevant times, Mr. Bacon has resided in San Juan Capistrano, California, and worked for Defendants primarily within the County of Orange, State of California.

14. Plaintiff RAPID BATH REMODEL is a California corporation duly registered with the California Secretary of State with its principal place of business in San Juan Capistrano, California.

15. Defendant HOMERENEW GROUP HOLDINGS, L.P., is a Delaware limited partnership. Plaintiffs are informed and believe, and on that basis allege, that Defendant HOMERENEW GROUP HOLDINGS, L.P. is either a parent or subsidiary company of Defendant DREAMSTYLE REMODELING, LLC.

16. Defendant DREAMSTYLE REMODELING, LLC., is a Delaware limited liability company, which was formerly known as Dreamstyle Remodeling, Inc., a New Mexico corporation, until a formal conversion was made in or about November 2021 resulting in the entity known as DREAMSTYLE REMODELING, LLC.

## JURISDICTION AND VENUE

17. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. The parties are diverse in citizenship. Defendants are citizens of Delaware and/or New Mexico. Plaintiffs are citizens of California. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs' compensation at risk exceeds $75,000. Plaintiffs' attorney's fees, which are recoverable under California Labor Code § 925, would exceed $75,000 if Defendants were to enforce the void provisions of the Agreement as threatened. The damages from Defendants' conduct, which is designed to interfere with Plaintiffs' business and income, will far exceed $75,000 if Defendants are successful in their unlawful and anti-competitive efforts.

18. Defendants are subject to personal jurisdiction in this District because Mr. Bacon worked for Defendants in the County of Orange, State of California. Furthermore, Defendants have availed themselves of the benefits of doing business in California and thus have sufficient minimum contacts with the State of California to establish personal jurisdiction.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as it is where Mr. Bacon was presented with and signed the Agreement with Defendants, and is where a substantial part of the events giving rise to the claims alleged in this complaint occurred.

20. This action arises from events that occurred in the County of Orange, State of California. Throughout his employment with Defendants, Mr. Bacon resided in San Juan Capistrano, California, and worked for Defendants primarily within the County of Orange, State of California. Therefore, this action is properly filed to this Court's Southern Division.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**GENERAL ALLEGATIONS**

21. In or about April 2021, Mr. Bacon began working for Defendants as an Operations Analyst. In or about September 2021, Mr. Bacon was promoted to Director of Operations. In or about March 2022, Mr. Bacon was promoted again to Vice President of Operations.

22. As part of his compensation and employment with Defendants as the Vice President of Operations, Mr. Bacon was required to sign an employment stock agreement ("Agreement") which he did on September 2, 2022 (Ex. A).

23. Mr. Bacon was not represented by counsel in connection with the drafting and signing of the Agreement.

24. Paragraph 5(c)(i) unlawfully purports to restrict Mr. Bacon, for a period of twenty-four (24) and essentially no geographical limitation, from competing with Defendants. Specifically, in this regard, Paragraph 5(c)(i) states:

> (i) For the Restricted Period (as defined below), other than on behalf of the Partnership and/or any of its Subsidiaries or Affiliates, the Participant will not anywhere within the Restricted Territory, either individually or for any other Person directly or indirectly invest in, own, manage, control, participate in, or otherwise permit Participant's name to be used by, consult with, render services for or otherwise assist, in any manner, any business that engages in or competes with any business in which the Partnership or any of its Subsidiaries conducts or otherwise engages in, or has active plans to conduct or engage in ay any time in the future, during the period the Participant holds Units or, with respect to the portion of the Restricted Period following the Repurchase Date (as defined below), at any time within one year prior to the Repurchase Date (the "Business"); provided, however, that nothing set forth in this Section 5 will prohibit the Participant from owning not in excess of two percent (2%) in the aggregate of any class of capital stock of any corporation if such stock is publicly traded and listed on any national or regional stock exchange and the

Participant does not participate in the management of such corporation. For purposes of this United Certificate, the term "participate in" and similar variations will include, without limitation, directly or indirectly having any interest in or managing or controlling any corporation, partnership, joint venture, or other entity, whether as a sole proprietor, owner, equity holder, partner, joint venturer, creditor, or otherwise, or rendering any direct or indirect service or assistance to any individual, corporation, partnership, joint venture, and other business entity (whether as a director, officer, manager, supervisor, employee, partner, agent, representative, consultant or otherwise). For purposes of this Unit Certificate, the term "<u>Restricted Territory</u>" means any state in the United States, and any state, province or other similar geographic area outside of the United States, in which the Partnership or any of its Subsidiaries conducts or is proposing the conduct the Business during the period the Participant holds Units or, with respect to the portion of the Restricted Period following the Repurchase Date, as of the Repurchase Date, including any state, province or other similar geographic area in which the Partnership or any of its Subsidiaries developed, marketed, serviced, supplied, or sold products or services, or any state province, or similar geographic area that is contiguous thereto. For purposes of this Unit Certificate, the term "<u>Restricted Period</u>" means the period in which the Participant holds the Units and, should the Partnership repurchase all of the vested Units at a price per Unit equal to the fair market value thereof, for the period of twenty [sic] (24) months immediately following the date of such repurchase (such date, the "<u>Repurchase Date</u>").

25. Paragraph 5(c)(ii) and 5(c)(iii) unlawfully purport to restrict Mr. Bacon from soliciting business, employees, or independent contractors of Defendants. Specifically, in this regard, Paragraphs 5(c)(ii) and 5(c)(iii) state:

(ii)   During the Restricted Period, the Participant will not directly or indirectly, and will not assist directly or

9

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

indirectly any other Person to (A) call on, solicit, induce, influence or encourage any customer, vendor, partner, licensor, licensee or other material business relations of the Partnership or any of its Subsidiaries to terminate or diminish its relationship with them or (B) seek to persuade any customer (or any Person who was a customer of the Partnership or its Subsidiaries within one year prior to the Repurchase Date or within one year prior to the date such solicitation or encouragement commences or occurs, as the case may be) or prospective customers of the Partnership or any of its Subsidiaries to conduct with any else, or otherwise call-on, solicit or provide service or products to any such customer or prospective customer with respect to, any business or activity that such customer or prospective customer conducts or could conduct with the Partnership or any of its Subsidiaries.

(iii) For the period beginning on the date hereof and ending twenty [sic] (24) months immediately following the date of Termination, the Participant will not solicit for hiring or engagement in any capacity any employee or independent contractor of the Partnership or any of its Subsidiaries (or any Person who was an employee or independent contractor of the Partnership or any of its Subsidiaries within twelve (12) months prior to the date of the Participant's Termination or within twelve (12) months prior to the date such hiring or engagement occurs) or solicit or seek to persuade any employees or independent contractors of the Partnership or any of its Subsidiaries to discontinue such employment or engagement. For purposes of this Unit Certificate, the restricted activities set forth in Section 5(c)(i), 5(c)(ii), and 5(c)(iii) are the "Restricted Activities".

26. These "Restricted Activities" provisions found in Paragraphs 5(c)(i) – 5(c)(iii) of the Agreement are void restraints on trade under California law. *See* Cal. Bus. & Prof. Code § 16600; *Thompson v. Impaxx, Inc.*, 113 Cal.App.4th 1425, 1428–1430 (2003).

27. Plaintiffs are informed and believe, and on that basis allege, that

Defendants knew that the allegedly "Restricted Activities" would be performed in California because Mr. Bacon resided in and worked in California for Defendants. Furthermore, on information and belief, Defendants were aware that, pursuant to California Labor Code section 925, it was unlawful to choose an exclusive forum and choice of law that would require Mr. Bacon to litigate disputes regarding the Agreement outside of California and deprive him of fundamental protections afforded by California law.

28. Despite Mr. Bacon's presence in California as well as Defendants' business presence in California, Defendants have nevertheless ignored and tried to circumvent California's laws by presented and requiring Mr. Bacon to sign the Agreement which contained an exclusive Delaware forum and choice of law provisions. These illegal forum and choice of law provisions are found in Paragraphs 10 and 11 of the Agreement, which state:

> (10) <u>Successors; Delaware Law; Etc.</u>  This Unit Certificate: (a) will be binding upon the executors, administrators, estates, heirs, permitted assigns and legal successors of the Participant and (b) will be governed by and construed in accordance with the laws of the State of Delaware without giving effect to any choice of law of conflict of law, rules or provisions.
>
> (11) <u>Consent to Jurisdiction</u>.  The parties irrevocably (i) consent to the exclusive jurisdiction and venue of the state and federal courts located in Delaware in connection with any action arising under or relating to this Unit Certificate (whether at law or in equity, whether in contract, tort, statute or otherwise), (ii) agree that such courts are convenient forums for such purpose, and (iii) agree that service of summons and complaint in connection with any such action may be made as set forth in Section 19.3 of the LP Agreement (except by facsimile or e-mail) and that service so made will be effective (without prejudice to any other method for service of summons and complaint

permitted by applicable law). Notwithstanding the foregoing, an order or judgment entered by one of the above-described courts in the above-described action may be enforced in any other jurisdiction as permitted by applicable law.

29. In or about August 2023, Mr. Bacon ended his employment with Defendants. Mr. Bacon did not have any units vested under the Agreement at the time he ended his employment. Mr. Bacon did not have any units repurchased under the Agreement either. In fact, the Agreement only worked to the benefit of Defendants as they seek to enforce anti-competitive and unlawfully restrictive provisions of the Agreement related to non-competition and non-solicitation.

30. It became clear that Defendants were seeking to enforce these anti-competitive and unlawfully restrictive provisions of the Agreement when Mr. Bacon received the December 8, 2023 Cease and Desist Letter from Defendants (Ex. B). The purpose of this letter was to threaten Mr. Bacon and force him to stop operating his own lawful business through RBR doing bathroom remodeling. The letter, in bold, demanded that Mr. Bacon and RBR ". . . **immediately cease all unlawful activity and cooperate with the demands outlined at the conclusion of this letter.**" At the conclusion of the letter, Defendants demanded that Mr. Bacon "cease competing with the Company, including through operation of Rapid Bath Remodel" as well as nine (9) other demands upon Mr. Bacon that he was to agree in writing "within three business days" of receiving the letter. The letter also stated that "[s]hould the Company be forced to file suit, claims against you and Rapid Bath Remodel could include breach of contract, tortious interference with contract/prospective business advantage, theft of trade secrets under state and federal law, conspiracy, and theft of confidential information." Defendants then identified that it "will seek all penalties, punitive damages, attorneys' fees, costs, and damages caused by these wrongful actions if you fail to immediately respond as requested in this letter."

31. In response to Defendants' threats in their Cease and Desist Letter (Ex. B), Mr. Bacon responded on December 19, 2023 (Ex. C), informing Defendants that relevant provisions of Agreement were void, including the choice of Delaware law provision found in Paragraph 11. Mr. Bacon also informed Defendants that Paragraphs 5(c)(i)–(iii) which contain the non-compete and non-solicitation provisions were also illegal under California law.

32. Once rendered void, Section 925 of the California Labor Code requires that "the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Labor Code § 925.

33. Defendants' threats of litigation and their statement that they "will seek all penalties, punitive damages, attorneys' fees, costs, and damages" to enforce the void and illegal provisions in the Agreement has left Plaintiffs with no choice but to seek declaratory and injunctive relief from this Court.

## FIRST CLAIM FOR RELIEF
## DECLRATORY JUDGMENT

(Declaratory Relief Under 28 U.S.C. §§ 2201, 2202, Fed. R. Civ. P. 57)

34. Plaintiffs hereby re-allege and incorporate by this reference each of the foregoing paragraphs.

35. An actual, present, and justiciable controversy has arisen and now exists between Plaintiffs and Defendants concerning the non-competition, non-solicitation, choice of law, and consent to jurisdiction provisions in the Agreement. Defendants wrongfully seek to enforce these provisions. Plaintiffs contend and have informed Defendants that these restrictive provisions are illegal, unenforceable, and void under California law.

36. Section 925 of the California Labor Code provides that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to adjudicate outside of

California a claim arising in California . . . [or] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California." Cal. Labor Code § 925(a).

37. Section 925 of the California Labor Code further provides that "[a]ny provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Labor Code § 925(b).

38. Paragraph 11 of the Agreement is a "Consent to Jurisdiction" provision that requires Mr. Bacon to adjudicate "any action arising under or relating to" the Agreement in Delaware courts and to deprive Mr. Bacon of the protections of California substantive law by stating in Paragraph 10 that the Agreement "will be governed by and construed in accordance with the laws of the State of Delaware without giving effect to any choice of law or conflict of law, rules or provisions."

39. Both Paragraphs 10 and 11 are expressly prohibited by Section 925 of the California Labor Code and they are rendered void as pointed out by Plaintiffs in their December 19, 2023 letter. Accordingly, under this California statute, "the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Labor Code § 925(b).

40. The application of California law also renders Paragraphs 5(c)(i)–5(c)(iii) of the Agreement void as they are illegal restraints on trade and competition. *See* Cal. Bus. & Prof. Code § 16600; *Thompson v. Impaxx, Inc.*, 113 Cal.App.4th 1425, 1428–1430 (2003).

41. Unless Plaintiffs obtain a declaration from this Court that Paragraphs 5(c)(i), 5(c)(ii), 5(c)(iii), 10, and 11 of the Agreement are, in fact, void, it is likely that Defendants will deliver on their promise to enforce these void provisions against Mr. Bacon through litigation in Delaware.

14
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

42. A judicial declaration and judgment is necessary and appropriate at this time, and under the present circumstances, so that Mr. Bacon may ascertain his rights, duties, and future obligations (if any) under the Agreement, and so that RBR can avoid interfering with such rights, duties, and future obligations (if any) in the course of scope of Mr. Bacon's pursuit of operating the RBR entity in California as his source of income.

43. Accordingly, Plaintiffs seek a judicial declaration and judgment from the Court as specified in the Prayer for Relief below.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA LABOR CODE

(Contracts Against Public Policy Under Cal. Labor Code § 925)

44. Plaintiffs hereby re-allege and incorporate by this reference each of the foregoing paragraphs.

45. Section 925 of the California Labor Code provides that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to adjudicate outside of California a claim arising in California . . . [or] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California." Cal. Labor Code § 925(a).

46. Paragraph 11 of the Agreement is a "Consent to Jurisdiction" provision that requires Mr. Bacon to adjudicate "any action arising under or relating to" the Agreement in Delaware courts and to deprive Mr. Bacon of the protections of California substantive law by stating in Paragraph 10 that the Agreement "will be governed by and construed in accordance with the laws of the State of Delaware without giving effect to any choice of law or conflict of law, rules or provisions."

47. Both Paragraphs 10 and 11 are expressly prohibited by Section 925 of

the California Labor Code and they are rendered void as pointed out by Plaintiffs in their December 19, 2023 letter. Accordingly, under the California statute, "the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Labor Code § 925(b).

48.  Nevertheless, in their December 19, 2023 letter Defendant have stated that they intend to enforce the terms of the Agreement which would require Mr. Bacon to adjudicate outside of California a claim arising in California and to deprive Mr. Bacon of the substantive protection of California law with respect to a controversy arising in California.

49.  Section 925 of the California Labor Code provides that "[i]n addition to injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees."

50.  Accordingly, Plaintiffs seek injunctive relief and reasonable attorney's fees as specified in the Prayer for Relief below.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE

(Unfair Business Practices Under Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

51.  Plaintiffs hereby re-allege and incorporate by this reference each of the foregoing paragraphs.

52.  Defendants are attempting to enforce the Agreement, including the choice of law and venue provisions as well as the non-compete and non-solicitation provisions, which are void under California Labor Code section 925 and Business and Professions Code section 16600. These actions constitute unfair and unlawful business acts or practices in violation of California Business and Professions Code sections 17200 *et seq*.

53.  Plaintiffs have suffered injury in fact as a result of Defendants' unfair and unlawful conduct. Plaintiffs have been required to expend time, money, and

resources to address and prevent Defendants' use and attempted enforcement of void provisions of the Agreement and to also address and prevent Defendants from interfering with Mr. Bacon's right to work in his chosen profession and to earn an income within the California marketplace.

54. Defendants' conduct, as described herein, constitute unfair and unlawful business practices that should be restrained. As such, Plaintiffs seek a determination by the Court that the use and attempted enforcement of the choice of law and venue provisions as well as the non-compete and non-solicitation provisions of the Agreement are void, under California Business and Professions Code sections 17200 *et seq*. Plaintiffs also seek preliminary and permanent injunctive relief prohibiting the same.

55. Plaintiffs also seek restitutionary disgorgement of Defendants' profits as a result of these violations of California Business and Professions Code sections 17200 *et seq*.

56. Plaintiffs also seek injunctive relief and reasonable attorney's fees as specified in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs RAPID BATH REMODEL and THOMAS BACON jointly pray for judgment against Defendants, and both of them, as follows:

A. For a judicial declaration and judgment that Paragraphs 10 and 11 of the Agreement requiring Mr. Bacon to submit to the jurisdiction of Delaware courts and apply Delaware law to any dispute related to the Agreement is void pursuant to California Labor Code section 925, and that any claim arising out of or relating to the Agreement shall be adjudicated in California and California law shall govern the dispute;

B. For a judicial declaration and judgment that Paragraph 5(c)(i) (non-competition), Paragraph 5(c)(ii) (non-solicitation of customers), and Paragraph

5(c)(iii) (non-solicitation of employees or independent contractors) are void under California Business & Professions Code section 16600 and other California law;

    C.    For a judicial declaration and judgment that Defendants are not entitled to any relief, whether arising out of law or equity, to enforce the non-competition and non-solicitation provisions of the Agreement;

    D.    For a determination that Defendants' statements to Mr. Bacon that they intend to enforce the illegal non-competition and non-solicitation provisions of the Agreement constitutes unlawful and unfair business practices and therefore violates California Business and Professions Code sections 17200 *et seq.*;

    E.    For compensatory damages and/or restitution in excess of $100,000;

    F.    For preliminary and permanent injunctive relief;

    G.    For reasonable attorney's fees as authorized by California Labor Code section 925 which are estimated to exceed $100,000;

    H.    For costs of suit; and,

    I.    For such other legal and equitable relief as may be available under law and which the court may deem proper.

Dated: March 1, 2024        Respectfully submitted,

                            MK Smith, APC

                            By: _____
                            Jason K. Smith
                            Counsel for Plaintiffs,
                            RAPID BATH REMODEL and THOMAS BACON